**OHIO POWER CO v FETTRO, Admrx, etc**

Ohio Appeals, 3rd Dist, Hardin Co
No 219.   Decided May 1, 1930

Price & Price, Kenton, and Herbruck, Shettler, Melchoir & Rooch, Canton, for Power Co.

Roy Warren Roof, H. D. Lease, Carter Schwemmer, all of Kenton, for Fettro.

**JUSTICE, J.**

Many claims of error are presented. A large number of them, however, relate to the same subject-matter, being merely couched in different language. It therefore seems proper to group them, which we have done, and as follows:

1. Refusal of the trial court to order stricken from the amended petition, certain allegations.

2. The sustaining of The Suburban Power Company's motion for a directed verdict.

3. Damages excessive, appearing to have been given under the influence of passion and prejudice.

4. Misconduct of the jury.

5. Rejection of certain demonstrative evidence.

6. Verdict and judgment contrary to law.

7. Verdict and judgment not sustained by sufficient evidence.

8. The charge.

The first five claims of error, as grouped, are easily disposed of. No prejudicial error appears by reason of either the claimed misconduct of the jury, or the refusal of the trial court to strike the said allegations from the amended petition. Hence said claimed errors are of no moment here.

As to the second claimed error. The action sounds in tort. The defendants are jointly sued. A judgment, therefore, may be rendered either against both of them or against one of them. 26 Oh St 48, 19 Oh St 55. This claimed error is, therefore, not tenable.

As to the third claimed error. Fred Fettro, the deceased, was forty two years of age. He was in good health. He was a plumber, with an average annual net earning of at least fifteen hundred dollars. He was the sole support of his wife and children with whom he lived. The amount of the verdict is fourteen thousand dollars. With such facts before us, we are of the opinion that the verdict is not excessive. It is claimed, however, that the verdict was given under the influence of passion and prejudice. It is enough to say that the record does not sustain this contention.

As to the fifth claimed error. The utter impossibility of performing the experiment upon facts and under circumstances substantially similar to those in issue, clearly made the evidence offered, inadmissible. The trial court did right in excluding it. Jones' Commentaries on Evidence, Second Edition, Volume 2, Section 734, Page 1369.

It is urged, however, by counsel for The Ohio Power Company, as their sixth claim of error, that the verdict and judgment are contrary to law for that no actionable negligence on the part of their client was proven; and, if proven, then plaintiff's own evidence raised, as a matter of law, such a clear presumption of contributory negligence on the part of the decedent, which was not counter-balanced by any evidence, as to have required the trial court to have sustained their motion at the close of all the evidence for a verdict in favor of their client. With these contentions we are not in accord.

Admittedly, The Ohio Power Company knew of Johnson's electrocution; the broken pole; the sagging wires; the voltage carried; the public highway and the close proximity of said wires to said highway. With such information in its possession, without sending a servant or employe to examine, repair or guard the line at the point of the accident, it turned on the current. That such conduct under such circumstances and conditions tends to constitute negligence, is patent. Was the decedent, however, guilty of negligence as a matter of law? Manifestly, he had a right to be upon the public road at the point of the accident. It was natural for him to go to the place where Johnson was electrocuted. According to defendant's contention, the place was not apparently dangerous. In fact, it contends, and its evidence tends to prove, that a traveler upon said highway could have safely passed by said wires if he had remained

upon the traveled portion of the highway. In such a state of the record, the trial court did right in overruling defendant's motion for a directed verdict in its favor. Had the trial court done otherwise, it would have clearly invaded the province of the jury.

It is insisted by counsel for The Ohio Power Company, as their seventh claim of error, that the verdict and judgment are not sustained by sufficient evidence. In order to pass upon this assignment, we were required to read the record. To comment at length on the evidentiary facts, will serve no useful purpose. Counsel and the parties are thoroughly acquainted with them. Suffice it to say, a sharp conflict exists in the oral testimony upon the issue of contributory negligence. Different minds, in weighing it, might readily come to different conclusions. We, therefore, under the well recognized rule enounced in **Dean v. King, 22 Oh St 118, 134,** must not disturb the verdict upon this ground unless we find it to be manifestly against the weight of the evidence. This we do not find.

The last assignment of error, as grouped by us, relates to the charge. No exceptions were taken at the trial, to the charge of the court. One of the grounds of the motion for a new trial, however, was "the court erred in its charge to the jury."

In **Railroad v. Powers, 32 Oh St 328,** our Supreme Court held:

"Where no exception is taken at the trial, to the charge of the court to the jury, the judgment will not be reversed, on error, upon the mere ground of error in the charge, without reference to the merits of the whole case. Where, however, the whole evidence is made part of the record and it appears that the verdict is contrary to law, the overruling of a motion for a new trial on that ground, may be reviewed, on error, though no exceptions were taken to the ruling of the court."

In **Baker v. Pendergast, 32 Oh St 494,** our Supreme Court held:

"Where the overruling of a motion for a new trial is assigned for error, and all the evidence offered on the trial, together with the charge of the court, is properly brought up by bill of exceptions, a reviewing court will, in connection with the evidence, look to the charge of the court, whether excepted to or not; and if there is reason to believe that the verdict was the result of erroneous instructions, will reverse the judgment and award a new trial."

We have before us, a bill of exceptions containing all the evidence offered at the trial, together with the charge of the court. One of the many claimed errors is the overruling of the motion for a new trial. We, therefore, are squarely confronted with the following inquiries: Is the charge erroneous; and, if so, is the verdict the result of such erroneous charge?

We have carefully examined the charge, giving special attention to those portions of which complaint is made, and are unanimously of the opinion that the charge of the court, when construed as a whole, is free from prejudicial error. **61 Oh St 608.**

However, if we are wrong in our conclusion, still it is undoubtedly true that the rule of law enounced in the case of Baker v. Pendergast, supra, and kindred cases, has no application here, as manifestly the verdict is not contrary to law and is not the result of the instructions complained of.

Upon the whole case, we are unanimously of the opinion that The Ohio Power Company had a fair trial.

Holding these views, it follows that the judgment of the court of common pleas should be affirmed.

Hughes and Sherrick, JJ, the latter of the Fifth District, concur.