## GRANNEMAN v CINCINNATI STREET RY. CO.

Ohio Appeals, 1st Dist, Hamilton Co

No 5967.   Decided June 9, 1941

Ginocchio & Ginocchio, Cincinnati, for appellant.

John M. McCaslin, Cincinnati, for appellee.

## OPINION

BY THE COURT:

This appeal is attempted by the plaintiff from an order of the common pleas court which "overruled his motion for judgment on the verdict of the jury—and granted appellee's motion for a new trial."

The question is whether the court has any jurisdiction to review this order. It is conceded that **Hoffman v Knollman, 135 Oh St 170**, decides that an order granting a motion for a new trial is not a final order and, therefore, not appealable unless it clearly appears that the trial court has abused its discretion in granting such order. And **Steiner v Custer, 137 Oh St 448**, decides that: "The meaning of the term

'abuse of discretion'—connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court."

In the case at bar, the court granted the new trial because he reached the conclusion that a special charge given to the jury at the plaintiff's request was erroneous. That, at most, was an error of law. It does not imply an unreasonable, arbitrary, or unconscionable attitude. It is not claimed that it does.

But it is said that because the defendant's motion for a new trial is bracketed with the plaintiff's motion for judgment on the general verdict, the action of the court is given a finality that it would not otherwise possess, and that such finality exists without it appearing that the court was unreasonable, arbitrary, or unsconscionable.

It is true that the plaintiff expressly asked by his motion that judgment be entered in his favor on the verdict, and that this was denied by the overruling of the motion. But it was not necessary that such a motion be filed. **Sec. 11599 GC,** governs. If no motion for a new trial is filed, it is the duty of the clerk to enter the judgment immediately after the expiration of three days. If a motion is filed, the judgment is not entered until the motion is overruled when it is immediately entered.

The sustaining of the motion for a new trial is not an appealable order, unless there is present an abuse of discretion. Sustaining the motion for a new trial necessarily imports a refusal to enter judgment on the verdict. The one is the counterpart of the other and the requirement that the one is not appealable in the absence of an abuse of discretion is equally applicable to the other.

For these reasons, this appeal is dismissed for want of jurisdiction.

MATTHEWS, PJ., ROSS & HAMILTON, JJ., concur.