TREBOTICH ET AL., APPELLEES, *v.* BROGLIO, APPELLANT.

(No. 72-566—Decided March 28, 1973.)

*Mr. Gene F. Manning* and *Mr. Anthony J. Musca,* for appellees.

*Joseph T. Svete Co., L. P. A., Mr. Joseph T. Svete* and *Mr. Alvin M. Podboy, Jr.,* for appellant.

CELEBREZZE, J. This case turns upon the proposition of the extent to which an expert witness may go in giving an opinion upon an ultimate issue.

In this highly technical age, the use of specialized testimony seems to be an ever-present question. There are even those in our society who say that the use of a specialist is no longer a solution to the dilemma of the day but a part of the problem.

The use of expert opinion testimony is perhaps best stated in paragraph one of the syllabus of *McKay Machine Co.* v. *Rodman* (1967), 11 Ohio St. 2d 77, which reads as follows:

"In all proceedings involving matters of a scientific, mechanical, professional or other like nature, requiring special study, experience or observation not within the common knowledge of laymen, expert opinion testimony is admissible to aid the court or the jury in arriving at a correct determination of the litigated issue."

That quotation was later referred to in *Huffman* v. *Stone* (1971), 26 Ohio St. 2d 159, wherein the trial court permitted a duly qualified traffic engineer to testify "* * * that in braking a car in an emergency, the wheels are almost certain to lock; that if that happens all directional control force is transferred to stopping the forward motion of the car * * * *making it impossible to control the car's direction.*" (Emphasis added.)

2 Jones on Evidence (6 Ed.), 578, lists some 22 sections setting out various subjects of expert testimony. Although the tendency is in the direction of expanding this field, the admissibility of expert testimony is based upon established

or generally recognized scientific principles or discoveries which are sufficiently established so as to have gained general acceptance in a particular field. The testimony of such witnesses is subject to the rules of evidence governing admissibility of opinions of experts on the ultimate issue of fact to be determined by the jury.

This rule seems to be most clearly set forth in the first two paragraphs of the syllabus in *Shepherd* v. *Midland Mutual Life Ins. Co.* (1949), 152 Ohio St. 6, a case involving the duty to pay a double indemnity in a contract of life insurance, which read as follows:

"1. Although a witness may be qualified to give an opinion concerning a matter upon which opinion evidence may be admissible in and pertinent to the determination of an issue, as a general rule such an opinion, whether expert or otherwise, may not be admitted when it, in effect, answers the very question as to the existence or nonexistence of an ultimate fact to be determined by the jury.

"2. Where an ultimate fact to be determined by the jury is one depending upon the interpretation of certain scientific facts which are beyond the experience, knowledge or comprehension of the jury, a witness qualified to speak as to the subject matter involved may express an opinion as to the probability or actuality of a fact pertinent to an issue in the case, and the admission of such opinion in evidence does not constitute an invasion or usurpation of the province or function of the jury, even though such opinion is on the ultimate fact which the jury must determine."

In the instant case, the threshold question the trier of the facts, the jury, had to resolve, before it could even consider any other issue, was "who negligently crossed the center line?" We acknowledge that under certain circumstances this may become a highly technical problem, but in this case it was reduced to "where was the point of impact?" And there was eye witnesses' testimony on both sides of this issue. The most elemental function of the jury under our system of jurisprudence is its exclusive privilege as judge of the disputed facts and of the credibility of the

witnesses and their testimony. The question here is not a complex one nor is it beyond the comprehension of the average juror, but, rather, it is one we find a jury in this state would be qualified to determine.

"In many cases it is asserted as a broad general rule, often assumed to be an inflexible rule of law, that while an expert may be permitted to express his opinion, or even his belief, he cannot give his opinion upon the precise or ultimate fact in issue before the jury, which must be determined by them." 21 Ohio Jurisprudence 2d 422, Section 414; *Ohio & Indiana Torpedo Co.* v. *Fishburn* (1900), 61 Ohio St. 608; *Fowler* v. *Delaplain* (1909), 79 Ohio St. 279; *Mitchell* v. *Indus. Comm.* (1939), 135 Ohio St. 110.

We find that in this case permitting an expert witness to give his opinion on the *point of impact,* in view of the testimony of the eyewitnesses, did not serve to enlighten the jury with respect to a matter outside its competence but rather was a clear invasion of the jury's province on the precise ultimate fact in issue.

The judgment of the Court of Appeals is affirmed and the cause is remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.