SCHAFFTER ET AL., APPELLANTS, v. WARD, APPELLEE.

[Cite as Schaffter v. Ward (1985), 17 Ohio St. 3d 79.]

(No. 84-652—Decided May 15, 1985.)

*Kauffman, Eberhart, Cicconetti & Kennedy Co., L.P.A.,* and *Charles A. Kennedy,* for appellants.

*Ellis B. Brannon* and *Gary T. Mantkowski,* for appellee.

DOUGLAS, J. The sole issue presented is whether an expert's testimony with respect to the point-of-impact in this automobile collision should have been admitted into evidence. Based on the applicable Rules of Evidence, this court holds that the expert testimony should have been admitted under the facts of this case and, accordingly, reverses the decision of the court of appeals.

This court, in reaching this decision today, has remained mindful that a determination as to the admissibility of evidence is a matter generally within the sound discretion of the trial court. See, *e.g., Calderon* v. *Sharkey* (1982), 70 Ohio St. 2d 218 [24 O.O.3d 322]; *Paugh & Farmer, Inc.* v. *Menorah Home for Jewish Aged* (1984), 15 Ohio St. 3d 44. It is within this context that this court now examines the decision rendered by the trial court and affirmed by the court of appeals.

The trial court based its exclusion of the point-of-impact testimony on two basic grounds. First, the trial court cited Evid. R. 702 and found that "* * * the expert's opinion was not necessary and would not assist the jury in this case." The focus of the trial court on Evid. R. 702 was indeed proper; however, the focus was much too restricted. Consideration of other applicable evidentiary rules, when read in conjunction with Evid. R. 702, dictates that a contrary result is warranted.

Evid. R. 704, adopted in 1980, now expressly allows for the admission of opinions on the ultimate fact in issue (cf. *Trebotich* v. *Broglio* [1973], 33 Ohio St. 2d 57 [62 O.O.2d 410]) by providing that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact." Accordingly, an expert's testimony as to point-of-impact in a case involving an automobile collision is now generally admissible.

While Evid. R. 704 abolished the rule prohibiting opinions, lay or expert, on ultimate issues, it does not mean that all such opinions must be admitted. Before such evidence is admitted, there must be a determination that the evidence comports with the other applicable Rules of Evidence. For instance, Evid. R. 702, which specifically controls the admissibility of expert testimony, permits expert opinions to assist the trier of fact.

In a more general sense, admissibility of expert testimony is governed by Evid. R. 402 and 403. Pursuant to Evid. R. 402, all relevant evidence is admissible, subject to enumerated exceptions which are not applicable herein. Correspondingly, Evid. R. 403 provides for the exclusion of even relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue influence or needless presentation of cumulative evidence.

When the excluded testimony in this case is scrutinized in light of all these applicable rules, rather than just Evid. R. 702, it is clear that the testimony as to the point-of-impact in this automobile collision should have been admitted into evidence. Evid. R. 704, as discussed above, now provides for the admission of such evidence, and a review of the record in this case indicates that the expert's testimony could have assisted the trier of fact to understand the evidence or to determine the point-of-impact, *i.e.,* "where" the collision occurred. In this case, there were no independent eyewitnesses to the collision. The collision occurred near a hillcrest on a narrow, unmarked, partially snow-covered rural road. The drivers of the vehicles both testified that they were in their respective lanes of travel. The passenger testified the car in which he was riding was on its side of the roadway. In the light of these factors, the expert herein, a mechanical engineer, could have aided the jury in determining the point-of-impact. This testimony should have thus been admitted because it was relevant and because its probative value substantially outweighed any danger of unfair prejudice, confusion of the issues or misleading the jury. (See, general-

ly, Evid. R. 402, 403[A] and [B].) Expert evidence should be excluded only if it is confusing; it should not be excluded if it is helpful.

Moreover, the expert's testimony was not rendered inadmissible by virtue of Evid. R. 403 as being redundant or cumulative. The excluded testimony was the *only* expert testimony offered for admission. The other testimony with respect to the accident scene was that of three eyewitnesses—two of whom are parties and the other a passenger in one of the cars involved—and two state troopers and a news editor/photographer.

As the second reason for exclusion of the expert testimony as to point-of-impact, the trial court stated as follows:

"The case of *Trebotich* v. *Broglio,* 33 Ohio St. 2d 57 [62 O.O.2d 410] (1973) supports the ruling of the Court. Headnotes numbers 1 and 2 state the controlling principles of the law:

" '1. Generally, the question as to the point of impact or collision on the road in motor vehicle accident cases is not one calling for skilled or expert opinion.

"[']2. The point of impact on the road of two colliding automobiles is a subject within the experience, knowledge or comprehension of the jury.[']"

To the extent the trial court relied on the holding in *Trebotich* to exclude this expert's testimony on the ultimate issue, it erred. Paragraph three of the syllabus in *Trebotich* provided as follows:

"Where there is conflicting eyewitness testimony upon a precise or ultimate fact in issue which is to be determined by a jury, an expert witness may not, in response to a hypothetical question, express his opinion on such fact in issue.* * *"

In 1980, however, Ohio adopted Evid. R. 704 which allows for testimony embracing an ultimate issue. This rule is superior to the rule announced in paragraph three of the syllabus of *Trebotich,* for Section 5(B), Article IV of the Ohio Constitution provides that: "[t]he supreme court shall prescribe rules governing practice and procedure in all courts of the state * * *. All laws *in conflict with* such rules shall be of no further force or effect after such rules have taken effect." (Emphasis added.) The Supreme Court exercised this authority by promulgating Evid. R. 704, and, inasmuch as the third paragraph of the syllabus in *Trebotich* is in conflict with this rule, it has no further effect.

To the extent the trial court relied on the factual exigencies in *Trebotich* to support its decision to exclude the expert's point-of-impact testimony, it also erred. In *Trebotich,* three *independent* witnesses, present at the time and place of the accident, testified at the trial. This factor played a major role in the court's analysis as evidenced by the court's reasoning at 60-61:

" * * *[T]he threshold question * * * was 'who negligently crossed the center line?' We acknowledge that under certain circumstances this may become a highly technical problem, but in this case it was reduced to

'where was the point of impact?' *And there was eye witnesses' testimony on both sides of this issue.* The most elemental function of the jury under our system is its exclusive privilege as judge of disputed facts and of credibility of the witnesses and their testimony.* * *'' (Emphasis added.)

The *Trebotich* court again emphasized the role the independent eyewitness testimony played in its decision when it concluded at 61 as follows:

"We find that in this case permitting an expert witness to give his opinion on the *point of impact, in view of the testimony of the eyewitnesses,* did not serve to enlighten the jury with respect to a matter outside its competence but rather was a clear invasion of the jury's province on the precise ultimate fact in issue." (Emphasis added in part.)

In marked contrast to the facts in *Trebotich,* there were no independent eyewitnesses who testified on both sides of the issue in the instant case. The only eyewitnesses to the collision were interested parties—two drivers and one passenger. This factor is indeed significant. In view of the language in *Trebotich* emphasizing the importance of independent eyewitness testimony, the lack of it in the instant case takes this case out of the realm of the *Trebotich* holding.

Accordingly, based on the applicable Rules of Evidence, expert testimony with respect to the point-of-impact in motor vehicle accident cases is admissible if it will assist the trier of fact to understand the evidence or to determine a fact in issue. More precisely, this court finds that the factual exigencies of the instant case warrant the admission of the expert testimony with respect to point-of-impact.

For the foregoing reasons, the judgment of the court of appeals is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY and C. BROWN, JJ., concur.

LOCHER, HOLMES and WRIGHT, JJ., dissent.

LOCHER, J., dissenting. The sole issue before the court is not whether we should second-guess the discretion of a trial court judge but rather whether the trial court judge abused his discretion in not allowing expert testimony on the point of impact. While the syllabus promulgated is merely a restatement of Evid. R. 702 and is on its face beyond reproach, the results reached are incorrect for the following reasons.

It is well-established that close evidentiary questions are within the domain of the trial court. *Calderone* v. *Sharkey* (1982), 70 Ohio St. 2d 218, 223 [24 O.O.3d 322]. Although Evid. R. 704 expressly allows for the admis-

sion of testimony on the ultimate fact in issue, it does not, as the majority correctly points out, mandate such admission. The Advisory Committee on Proposed Rules Note to Fed. R. Evid. R. 702 affirms this discretion in the trial court with reference to admission of expert testimony:

"Whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier. 'There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having specialized understanding of the subject involved in the dispute." In the present case appellant's expert was allowed to testify extensively except as to one question concerning which side of the road the automobiles were on when the accident occurred. Prior testimony on this issue was adduced, however, by the two drivers, a passenger in one of the cars, and a police officer.

Contrary to the contention of the majority that *Trebotich* was cited by the trial judge herein to support an assertion that ultimate-issue testimony should be excluded, the trial judge stated:

"Trebotich was not an 'ultimate issue' case as the plaintiff argues."

The trial judge, apparently having more faith in the jury system than the majority herein, felt the issue was one of credibility and sufficiency of evidence, not ultimate issue of fact. The trial judge quoted from *Trebotich* to this effect:

"The question here is not a complex one, nor is it beyond the comprehension of the average juror, but, rather, it is one we find a jury in this state would be qualified to determine."

Previously, it was well-established in this state that a mere error in law or judgment was not an abuse of discretion requiring reversal. *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 157 [16 O.O.3d 169]; *Lee* v. *Jennings Transfer Co.* (1967), 14 Ohio App. 2d 221, 223 [43 O.O.2d 452]; *Granneman* v. *Cincinnati Street Ry. Co.* (1941), 67 Ohio App. 536, 537 [21 O.O. 556]. Rather, the trial court must have made a decision implying an attitude that was unreasonable, arbitrary, or unconscionable. *Ojalvo* v. *Bd. of Trustees of Ohio State Univ.* (1984), 12 Ohio St. 3d 230, 232. Considering the testimony that was allowed, including virtually all the testimony by appellant's expert, I perceive no basis to find the trial court committed an abuse of discretion in denying the expert's ultimate conclusion on the evidence. Even if, *arguendo,* the trial judge may have erred in excluding the expert's response to one question, such error was not shown by either appellant or the majority to be so prejudicial as to warrant reversal. As civil and criminal trials become more complex and sophisticated the chance for error increases, but mere nonprejudicial error should not, and as a practical matter cannot, serve as a basis for a new trial. By limiting the discretion of the trial court the majority now makes it difficult for a trial court to exclude expert testimony, no matter how redundant or irrele-

vant, for fear of reversal. The standard adopted today is puzzling because Evid. R. 402 and Evid. R. 403 are used to buttress a judgment call by the majority where reasonable minds might, and indeed do, disagree in the context of the case. The issue of whether testimony is relevant or irrelevant, confusing or misleading is best decided by the trial court judge who is in a significantly better position to analyze the impact of the evidence on a jury than this court two steps removed from the trial. Moreover, no justification is advanced of the *sub silentio* elimination of the abuse of discretion standard. Instead, a nebulous hindsight rule is implemented. This new hindsight rule removes discretion and creates the impression that because only one expert testified, all that expert's testimony must be allowed. The question is thus raised as to whether a different result would have occurred if the defendant had presented his own experts. Surely litigation is sufficiently expensive without now requiring expert rebuttal testimony whenever one side presents an expert. Moreover, elimination of the abuse of discretion standard only serves to relegate the status of this court to that of "a super trier" of facts rather than an appellate court. Accordingly I would affirm the court of appeals, and the trial court, and therefore respectfully dissent.

HOLMES and WRIGHT, JJ., concur in the foregoing dissenting opinion.