[Cite as *Mason v. Pawlowski*, 2011-Ohio-3699.]

<span style="color:red">[Please see original opinion at 2011-Ohio-3061.]</span>

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 95766

---

## MEAGHAN MASON

PLAINTIFF-APPELLEE

vs.

## JILL PAWLOSKI

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Parma Municipal Court
Case No. 08 CVE 05339

**BEFORE:** Keough, J., Kilbane, A.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** July 28, 2011

**ATTORNEY FOR APPELLANT**

Bradley B. Gibbs
Ritzler, Coughlin & Paglia, Ltd.
1360 East Ninth Street
1000 IMG Center
Cleveland, OH 44114

**ATTORNEYS FOR APPELLEE**

S. Michael Lear
Sebastian E. Proels
Zukerman, Daiker & Lear Co., LPA
3912 Prospect Avenue, East
Cleveland, OH 44115

ON RECONSIDERATION[1]

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Jill Pawloski ("Pawloski"), appeals from the trial court's judgment entry, rendered after a jury trial, finding her civilly liable for injuries suffered by plaintiff-appellee, Meaghan Mason ("Mason"). For the following reasons, we affirm.

---

[1]The original announcement of decision, *Mason v. Pawloski*, Cuyahoga App. No. 95766, 2011-Ohio-3061, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. See App.R. 22 (C); see, also, S.Ct.Prac.R. 2.2(A).

{¶ 2}  Mason filed a civil complaint alleging that on November 3, 2007, at O'Feenies Irish House in Parma Heights, Pawloski committed assault and battery against her and that she sustained injuries as a result.  In her complaint, Mason alleged civil assault, battery, and intentional and negligent infliction of emotional distress.  She sought both compensatory and punitive damages, including attorney fees.  The matter proceeded to trial where following evidence was presented.[2]

{¶ 3}  On November 3, 2007, Mason and Pawloski were both patrons at O'Feenies; both were also apparently romantically involved with Christopher Clink.  Pawloski arrived at O'Feenies around 8 p.m. to meet with friends.  Approximately an hour later, Mason arrived with her friend Katherine Walczak and sat at the bar to have a drink.  After Pawloski noticed and recognized Mason, she approached her, carrying a bottle of beer, with the intent to speak to her about Clink.  According to Mason, Pawloski began cussing at her, calling her names, and waving a cell phone in her face.  Mason testified that Pawloski started to pivot away from her, but then quickly swung at her, striking her in the head with the beer bottle.  Mason

---

[2]The transcript notes that due to technical difficulties, part of the testimony of Pawloski and any subsequent witness testimony and court proceedings were not recorded and, thus, not transcribed.  Although an affidavit from Attorney Bradley B. Gibbs was attached to Pawloski's merit brief stating the evidence and testimony that the jury heard during this technical failure, we find this means of preserving the record for appeal improper.   The proper method is providing this court with an App.R. 9(C) statement of the evidence or proceedings.   Accordingly, we will not consider the affidavit of

testified that she could feel blood running down her face and she heard someone say that she was bleeding. Mason, believing Pawloski was going to strike her again, lunged at Pawloski and grabbed her shoulder area.

{¶ 4} Pawloski denied cussing at Mason or insulting her, but admitted she tried to show Mason a nude picture of Clink that he sent to her cell phone earlier that day to prove that they were involved in a relationship. According to Pawloski, Mason suddenly lunged at her, and grabbed her hair. Pawloski said she did not know what happened to the beer bottle, but knew it fell out of her hands when she tried to get Mason's hands off of her. "I immediately grabbed her arms and that's when everything went flying. My purse and everything."

{¶ 5} The two tussled briefly before being separated. Mason left and went to the police station to report the incident. When she left O'Feenies, she was bleeding from the side of her head. While at the police station, EMS treated Mason for a small laceration to her scalp, but she refused any additional medical treatment. Five days later, she went to the hospital, claiming a constant headache, blurred vision, and dizziness; she was treated for a concussion.

{¶ 6} Officer Luke Wittasek testified that he met Mason and Walczak in the lobby of the police station, where he observed that Mason had a small

Attorney Gibbs in lieu of an App.R. 9(C) statement.

laceration to her head and was bleeding. Mason told Officer Wittasek that she had been struck in the head with a beer bottle during an argument with Pawloski at O'Feenies. After taking statements from Mason and Walczak, Officer Wittasek went to O'Feenies to locate Pawloski. Based on the description given by Mason, he was able to identify Pawloski. After confirming her identity, he questioned Pawloski about the altercation; in response, Pawloski told him that she "might have hit her over the head with a beer bottle." With that admission, he placed Pawloski under arrest for assault.

{¶ 7} The jury found Pawloski liable and awarded damages in Mason's favor. After multiple post-trial motions regarding the award of damages, attorney fees, and prejudgment interest, the trial court entered judgment in favor of Mason in the amount of $9,351.15.

{¶ 8} Pawloski appeals, raising two assignments of error, which challenge the trial court's discretion in admitting testimony at trial. "The admission or exclusion of evidence rests within the sound discretion of the trial court." *State v. Jacks* (1989), 63 Ohio App.3d 200, 207, 578 N.E.2d 512. Therefore, "[a]n appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." *State v. Finnerty* (1989), 45 Ohio St.3d 104, 107, 543 N.E.2d 1233. An abuse of discretion implies that the court's attitude is

unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 9}   Officer Wittasek testified regarding the procedures he followed in investigating the incident:   he obtained witness statements from both Mason and Walczak, made observations and took photographs of Mason's injuries, responded to O'Feenies to question Pawloski, and ultimately arrested Pawloski for assault.   When questioned whether he had "any doubt in [his] mind at that point in time that Miss Pawloski had struck Miss Mason over the head with a beer bottle," he stated, over objection:

{¶ 10}  "A.   Not that the assault did occur at that point.

{¶ 11}  "Q: [C]ommitted by Miss Pawloski –

{¶ 12}  "A:   Yes.

{¶ 13}  "Q:   – upon Miss Mason?

{¶ 14}  "A:   Yes."

{¶ 15} Pawloski contends that the trial court abused its discretion in allowing Officer Wittasek to offer his opinion as to the ultimate issue of fact, i.e., that Pawloski struck Mason with the beer bottle.   She argues that the officer's testimony was inadmissible expert and lay opinion testimony.

{¶ 16} In order for Officer Wittasek to qualify as an expert, he must have some scientific, technical, or other specialized knowledge which would assist the trier of fact to understand the evidence.   Evid.R. 702. See, also,

*Trebotich v. Broglio* (1973), 33 Ohio St.2d 57, 294 N.E.2d 669. To testify as a lay witness, Officer Wittasek's opinions or inferences would have to be limited to those opinions or inferences that were rationally based upon his perception, or helpful to a clear understanding of his testimony or the determination of a fact in issue. Evid.R. 701.

{¶ 17} In *Shepherd v. Midland Mut. Life Ins. Co.* (1949), 152 Ohio St. 6, 87 N.E.2d 156, the Ohio Supreme Court stated in paragraph one of the syllabus, "Although a witness may be qualified to give an opinion concerning a matter upon which opinion evidence may be admissible in and pertinent to the determination of an issue, as a general rule such an opinion, whether expert or otherwise, may not be admitted when it, in effect, answers the very question as to the existence or nonexistence of an ultimate fact to be determined by the jury."

{¶ 18} Contrary to Pawloski's assertion on appeal, the ultimate issue of fact was not whether Mason was struck in the head with a beer bottle. The ultimate issue before the jury was whether Pawloski engaged in conduct or offensive contact that was the proximate cause of Mason's injury or injuries. To prevail on her claims, Mason's injury did not necessarily have to be caused by the beer bottle, but could have been caused by any other means.[3]

---

[3]It is unclear of what cause of action the jury found Pawloski liable. The jury was instructed on civil assault, battery, and intentional infliction of emotional distress. The verdict forms do not

{¶ 19} Nevertheless, we find that allowing Officer Wittasek to give his opinion was improper because he was not qualified as an expert, he did not witness the incident, and his opinion did not help the jury determine a fact in issue. Evid.R. 701 and 702.

{¶ 20} But error in the admission of evidence is not grounds for reversal unless substantial rights of the complaining party were affected or it appears that substantial justice was not done. Civ.R. 61; *O'Brien v. Angley* (1980), 63 Ohio St.2d 159, 164-165, 407 N.E.2d 490. In determining whether a substantial right has been affected, the reviewing court must decide whether the trier of fact would have reached the same decision had the error not occurred. Id. We find that the admission of Officer's Wittasek's testimony was harmless error because the jury would have reached the same result.

{¶ 21} Officer Wittasek testified he observed Mason's injury and, after he obtained statements from Mason and Walczak, he went to O'Feenies to locate Pawloski. After confirming Pawloski's identity, he questioned her regarding the altercation and she admitted to him that she "might have hit her over the head with a beer bottle." Based on Officer Wittasek's observations of Mason, the statements made by Mason and Walczak, and the admission by Pawloski, the jury heard enough testimony to properly deduce

---

delineate the causes of action; they merely request that the jury circle either "find in favor of the Plaintiff" or "find in favor of the Defendant." Therefore, the jury could have found Pawloski liable

that the injury sustained by Mason was a result of the scuffle between her and Pawloski. Additionally, because the testimony established that Pawloski approached Mason carrying a beer bottle, the jury could have logically concluded that if Mason was hit by a beer bottle, it belonged to Pawloski.

{¶ 22} Accordingly, Pawloski's first assignment of error is overruled.

{¶ 23} Pawloski also challenges the trial court's decision allowing Mason to testify about her closed head injury without presenting expert medical testimony. Mason was allowed to testify that when she went to the hospital, a CT scan was performed and she was diagnosed with a concussion.

{¶ 24} "'Except as to questions of cause and effect [that] are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion. In the absence of such medical opinion, it is error to refuse to withdraw that issue from the consideration of the jury.'" *Jimenez v. Puszak* (Mar. 11, 1982), Cuyahoga App. No. 44304, quoting *Darnell v. Eastman* (1970), 23 Ohio St.2d 13, 17, 261 N.E.2d 114.

{¶ 25} In this case, Mason testified that her physical injuries included: (1) a laceration to the scalp, (2) blurred vision, (3) dizziness, (4) a perpetual

---

for all causes of action, or just one.

headache, and (5) a concussion.  Even if we were to find that the admission of Mason's testimony concerning the concussion was improper, it would be harmless error because the jury heard testimony and viewed evidence of an alternative injury, specifically the laceration to Mason's head.  A laceration is not the type of injury that would necessarily require corroborative medical testimony.  *Jimenez*, supra.  Accordingly, we cannot say that the jury would have reached a different decision if the testimony regarding the concussion had not been admitted.

{¶ 26} Pawloski's second assignment of error is therefore overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY EILEEN KILBANE, A.J., and
JAMES J. SWEENEY, J., CONCUR