McMULLEN *v.* MAXWELL, WARDEN.

[Cite as McMullen v. Maxwell, Warden, 3 Ohio St. 2d 160.]

(No. 39077—Decided July 21, 1965.)

Mr. *William M. Dixon* and Mr. *William H. Thornburgh*, for petitioner.

Mr. *William B. Saxbe*, attorney general, and Mr. *William C. Baird*, for respondent.

*Per Curiam.* In this case petitioner contends that he was denied a fair trial because the prosecution had knowledge of evidence favorable to petitioner which it failed to disclose. The evidence in question consisted of ballistic tests which indicated that the murder weapon was a 38-caliber long barrelled revolver which the prosecutor had in his possession and for which he had no proof of connection with petitioner.

It should be pointed out that the question raised here involves an evidentiary matter which could not come before the court on an appeal, and the time has long passed in which a motion for a new trial could be filed on the basis of newly discovered evidence. Thus habeas corpus affords the only post-conviction remedy available to this petitioner. See *Case* v. *Nebraska*, 33 Law Week 4498, decided by the Supreme Court of the United States on May 24, 1965.

Petitioner bases his right to relief on the Fourteenth Amendment of the Constitution of the United States which requires that no person shall be deprived of his liberty without due process of law. Part of the required due process is that an accused be granted a fair trial.

Misconduct of the prosecutor at trial may deprive the accused of a fair trial. The prosecutor may not knowingly employ false testimony or fabricated evidence to obtain a conviction. *Pyle* v. *Kansas*, 317 U. S. 213; *Mooney* v. *Holohan, Warden*, 294 U. S. 103. Neither may he deliberately suppress or conceal from the defense evidence which might tend to acquit

the accused. *United State, ex rel. Almeida,* v. *Baldi,* 195 F. 2d 815, 33 A. L. R. 2d 1407.

Ordinarily the prosecutor need only produce and present evidence which tends to prove guilt, relying on the defense to produce all exculpatory evidence. See *State* v. *Rhoads,* 81 Ohio St. 397, 424. Under some circumstances, however, if the prosecutor becomes aware of evidence favorable to the accused he may have a duty to disclose it in order that the defense may be adequately presented. *Brady* v. *Maryland,* 373 U. S. 83; *United State, ex rel. Thompson,* v. *Dye, Warden,* 221 F. 2d 763; *United States, ex rel. Almeida,* v. *Baldi,* 195 F. 2d 815; annotation, 33 A. L. R. 2d 1421.

It is important to distinguish between cases involving active misconduct of the prosecutor, such as employing perjured testimony or deliberately concealing evidence from the accused, and cases of passive nondisclosure. Cf. *Barbee* v. *Warden, Maryland Penitentiary,* 331 F. 2d 842, 847.

"* * * [The prosecutor] may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." *Berger* v. *United States,* 295 U. S. 78, 88.

A prosecutor would never be justified in knowingly using perjured testimony or fabricated evidence. In most instances, however, he would be justified in ignoring evidence which is favorable to the defense. A criminal prosecution is an adversarial proceeding in which the participants are normally concerned only with the presentation of one side. The prosecutor may and should prosecute to the best of his ability, relying on the defense to produce all evidence tending to acquit the accused. It is only under certain circumstances that the prosecutor has a duty to disclose to the defense evidence that he has discovered.

Whether the prosecutor has a duty to disclose evidence which is favorable to the accused and whether his failure to do so constitutes a denial of due process will depend upon the particular circumstances of each case.

"'* * * It can be said that the prosecutor must not act in an essentially unfair way. But this is an area in which the question of fundamental fairness depends so much upon the facts of the particular case that a precise rule cannot be devised.

"It seems likely that many situations will arise in which a prosecutor can fairly keep to himself his knowledge of available testimony which he views as mistaken or false. But there are other circumstances in which a prosecutor must, or certainly should know that even testimony which he honestly disbelieves is of a type or from a source which in all probability would make it very persuasive to a fair minded jury." *United States, ex rel. Thompson,* v. *Dye, Warden, supra,* 221 F. 2d 763, 769 (concurring opinion).

Although no hard and fast rule can be set forth defining when the prosecutor has a duty to disclose evidence, certain guidelines can be deduced from the cases. If the testimony of a prosecution witness is perjured and the prosecutor knows, or has good reason to believe, that the testimony is false, he must either disclose the falsity of the testimony or make available to the defense the means to do so. *Napue* v. *Illinois,* 360 U. S. 264; *Alcorta* v. *Texas,* 355 U. S. 28; *People* v. *Savvides,* 1 N. Y. 2d 554, 136 N. E. 2d 853.

The duty to disclose may also arise where the prosecutor has knowledge of evidence which would raise serious doubts in the mind of any reasonable prudent person in his position, as to the validity of evidence which has been introduced. This does not mean that the prosecutor must disclose every discrepancy between the evidence introduced and the facts as he knows them. See *Application of Landeros,* 154 F. Supp. 183. In order for the nondisclosure to amount to a denial of due process the evidence must be vital and material to the issue of guilt or penalty. *United State, ex rel Thompson,* v. *Dye, Warden, supra* (211 F. 2d 763); *United States, ex rel. Almeida,* v. *Baldi, supra* (195 F. 2d 815); *United States, ex rel. Montgomery,* v. *Ragen,* 86 F. Supp. 382.

In the instant case, the prosecution proceeded on the theory that the killing had been committed with a .38-caliber snub-nose revolver belonging to Cecil Maddy, despite ballistics tests which

showed that this was not the murder weapon. These tests showed that the bullets taken from the body of the victim were fired from a .38 revolver with a four-inch barrel.

The reliability of ballistics tests should have caused serious doubts in the mind of the prosecutor with reference to the use of the Maddy gun in the killing. However, he neither disclosed the existence of these tests nor changed the theory on which he presented his case. On the contrary, the police chief testified that no tests were made of the bullets and the prosecution introduced a snub-nose revolver as a weapon similar to the gun in the possession of petitioner on the night of the murder.

Testimony at the trial indicated that there were three bullet wounds in the body of the victim. Two bullets, both .38 caliber slugs, were recovered. Three witnesses testified that on the night of the murder petitioner had a snub-nose .38 caliber revolver which they recognized as the Maddy gun. One testified that the gun had three chambers fired.

The jury could have inferred from the introduction into evidence of the snub-nose revolver and from the above testimony that the snub-nose revolver in the possession of petitioner on the night of the murder was the murder weapon. The ballistics tests, which the prosecutor failed to disclose, showed that the murder weapon was not the Maddy gun but a long-barrel revolver. The prosecutor had no evidence to connect petitioner with the long-barrel revolver. Under these circumstances, if the excluded evidence had been introduced it might have cast a reasonable doubt in the minds of the jurors as to the guilt of the accused.

Since the excluded evidence in the instant case was of such a substantial nature, the failure of the prosecutor to disclose it deprived petitioner of his right to a fair trial. Petitioner should be remanded to the Court of Common Pleas for further proceedings according to law.

*Petitioner released from custody of respondent.*

TAFT, C. J. MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.

SCHNEIDER, J., dissents.