MOUNT, ADMX., APPELLANT, ET AL., *v.* COLUMBUS & SOUTHERN OHIO ELECTRIC COMPANY, APPELLEE, ET AL.

(No. 86-CA-11—Decided April 17, 1987.)

*Thomas R. Bopeley* and *Ronald G. LaAsmar,* for appellant.
*Joseph W. Ryan,* for appellee.

MILLIGAN, J. This is an appeal from the granting of summary judgment by the Coshocton County Court of Common Pleas in favor of defendant-appellee, Columbus and Southern Ohio Electric Company ("C&SOE").

C&SOE hired defendant Union Boiler Company as an independent contractor to complete a number of projects at C&SOE's power generating plant. One of these projects involved the removal of Gunite from the inside ductwork (or breaching) known as "Unit 5" and "Unit 6." The ductwork was located about seventy-five feet above the ground, and each duct was connected to a large smokestack located between Units 5 and 6. C&SOE warned Union Boiler about the presence of an opening into the smokestack, and suggested the need for a barricade at that location.

Lawrence Mount, appellant's decedent, was employed by Union Boiler and was assigned to build the barricade across the opening into the smokestack. Mount and the other workmen were warned by Union Boiler to stay away from the opening into the smokestack. While so employed, Mount fell

into the smokestack and died from the injuries substained from the fall.

Appellant, Charlene Mount, administratrix of Mount's estate, appeals the granting of summary judgment and assigns a single error:

"The trial court erred by sustaining defendant/appellee's motion for summary judgment and thereby rendering judgment in favor of the defendant/appellee."

Appellant divides her argument into two separate branches:

I

"The trial court erred in determining as a matter of law that plaintiff's decedent was assigned 'this specific job of building the barricade.'"

II

"A jury question is presented by the record in this case on the issue of the liability of defendant as owner and occupier of the premises upon which the renovation and repair was being performed."

Branch No. I

Appellant argues that the trial court erred in determining as a matter of law that her decedent was assigned "this specific job of building the barricade."

Assuming, *arguendo*, there is an issue of fact regarding Mount's responsibility for erecting the barricade, that fact is not material to the trial court's judgment. The mere fact that there is a factual dispute is not necessarily sufficient to defeat a motion for summary judgment. The dispute must be over a *material* fact. *Black* v. *McLaughlin* (Dec. 19, 1985), Richland App. No. CA-2338, unreported, at 4.

"* * *. Summary judgment shall be rendered forthwith if * * * [the evidence submitted] show[s] that there is no genuine issue as to any *material*

fact and that the moving party is entitled to judgment as a matter of law. * * *"" (Emphasis added.) Civ. R. 56(C).

A dispute of fact is "material" if it affects the outcome of the litigation. The dispute is "genuine" if manifested by substantial evidence going beyond the mere allegations of the complaint. *Black* v. *McLaughlin, supra,* at 5-6. See, also, *Fiumara* v. *Higgins* (D.N.H. 1983), 572 F. Supp. 1093, 1099; Louis, Federal Summary Judgment Doctrine: A Critical Analysis (1974), 83 Yale L. J. 745, 746-748. A material fact is an essential element of the claim or defense, as defined by the substantive law.

In the case *sub judice,* the trial court granted summary judgment on the basis that the barricade was supposed to be erected by Union Boiler. The first issue is the legal duty that C&SOE owed Mount given the fact C&SOE hired an independent contractor, Union Boiler, and delegated to it the responsibility of rendering the premises safe. The question of premises liability of a general contractor does not turn on whether Mount was assigned "this specific job of building the barricade."

We find no merit to the first branch of appellant's argument.

Branch No. II

Appellant argues that a dispute exists as to the liability of an owner and occupier of premises upon which renovation and repair are being performed by an independent contractor, rendering summary judgment improper.

Generally, the general contractor owes no duty to the employee of an independent subcontractor for injuries that result from risks inherent in the subcontractor's assigned task. *Wellman* v. *East Ohio Gas Co.* (1953), 160 Ohio St. 103, 51 O.O. 27, 113 N.E. 2d 629; *Briere* v. *Lathrop Co.* (1970), 22

Ohio St. 2d 166, 51 O.O. 2d 232, 258 N.E. 2d 597.

In *Hirschbach* v. *Cincinnati Gas & Elec. Co.* (1983), 6 Ohio St. 3d 206, 6 OBR 259, 452 N.E. 2d 326, the court, without overruling *Wellman's* "inherent risk" rule, created an exception to the general rule and held that the general contractor is liable if it "actually participates in the job operation" and thereby negligently fails to eliminate a risk inherent in the independent subcontractor's job. The syllabus of *Hirschbach* reads:

"One who engages the services of an independent contractor, and who *actually* participates in the job operation performed by such contractor and thereby fails to eliminate a hazard which he, in the exercise of ordinary care, could have eliminated, can be held responsible for the injury or death of an employee of the independent contractor." (Emphasis added.)

The *Hirschbach* majority premised the owner's liability on its denial of the independent contractor's request to position a winch line outside the owner's property.

The *Hirschbach* exception, however, was narrowed in *Cafferkey* v. *Turner Constr. Co.* (1986), 21 Ohio St. 3d 110, 21 OBR 416, 488 N.E. 2d 189. The court held in *Cafferkey*:

"A general contractor who has not actively participated in the subcontractor's work, does not, merely by virtue of its supervisory capacity, owe a duty of care to employees of the subcontractor who are injured while engaged in inherently dangerous work." *Cafferkey, supra,* at syllabus.

The *Cafferkey* court noted that *Hirschbach* did not overrule *Wellman* and its progeny. The key factual distinction between the decisions was whether the general contractor "actually participated in the job operation." The court reasoned:

"* * * The undisputed facts establish that Turner [the general contractor] did not actively participate in any action or decision that led to the fatal injuries. Turner may have known about some of Millgard's [the independent subcontractor's] activities, but that knowledge does not constitute 'actual participation' in those activities within the *Hirschbach* rule. Unlike the landowner in *Hirschbach*, Turner neither gave nor denied permission for the critical acts that led to the decedent's injuries." *Cafferkey, supra,* at 112, 21 OBR at 418, 488 N.E. 2d at 192.

The critical issue in the instant case is whether C&SOE actually or actively participated in the job operation of the subcontractor's inherently dangerous work.

The only evidence that appellant provides to show that C&SOE participated in Union Boiler's performance is an allegation that C&SOE had a "specific obligation" to supply materials to build the barricade.

Assuming C&SOE had a duty to provide material on site at the time of the accident, Mount has not demonstrated either "actual" or "active" participation or proximate cause.

The undisputed evidence is that C&SOE contracted with Union Boiler to perform the job of eliminating an inherent hazard in a safe manner and that a C&SOE employee requested that a barrier be erected. There is no evidence that C&SOE interfered with the mode of the job operation, or dictated the manner and mode in which it was to be performed. See *Hirschbach, supra; Cafferkey, supra.* The undisputed evidence establishes that Union Boiler did not require C&SOE's permission to erect the barrier, that C&SOE never told Union Boiler employees what equipment to use, and that Union Boiler employees took orders only from Union Boiler personnel.

Appellant argues that C&SOE "controlled" the job site and is thus liable for the injuries suffered by Union Boiler's employee. For support of her "control" theory, appellant notes that the contract between C&SOE and Union Boiler provides that:

(1) C&SOE will have a representative at the job site;

(2) C&SOE will specify the work to be done by Union Boiler and the items to be inspected by C&SOE;

(3) C&SOE can require Union Boiler to replace personnel found to be incompetent; and

(4) The material supplied by Union Boiler must meet specifications.

These contractual provisions, while supervisory, do not constitute "control" of the work site as a matter of law.

Contrary to appellant's assertions, we do not find *Walker* v. *Mid-States Terminal, Inc.* (1984), 17 Ohio App. 3d 19, 17 OBR 71, 477 N.E. 2d 1160, persuasive. In *Walker,* the property owner had a contractual right not only to inspect the job site, but also to inspect the equipment actually involved in the accident. In the case *sub judice,* however, C&SOE had no contractual right to dictate the construction of a barricade nor did it have any contractual rights with regard to the proper exercise of reasonable care to protect employees. The contract specifically put the responsibility of the safety of Union Boiler employees on Union Boiler. See *Cafferkey, supra,* at 113, 21 OBR at 418-419, 488 N.E. 2d at 192 ("The various contractual rights reserved by [the general contractor] did not empower [the general contractor] to control the means or manner of [the subcontractor's] performance. [The subcontractor] * * * assumed the responsibility to construct and install caissons in a sound, efficient, and safe manner.").

In addition, appellant has presented no evidence to show that the absence of materials proximately caused decedent's injuries. The absence of materials eliminated any reason for Mount to be near the precipice. The appellant, as a non-moving party, has a burden to demonstrate proximate cause in the context of a summary judgment proceeding. *Brockmeyer* v. *Mansfield Gen. Hosp.* (Feb. 25, 1987), Richland App. No. CA-2419, unreported; *Mitseff* v. *Wheeler* (Apr. 6, 1987), Stark App. No. CA-6997, unreported, affirmed in part and reversed in part (1988), 38 Ohio St. 3d 112, 526 N.E. 2d 798.

C&SOE had a duty to all invitees to make the premises reasonably safe and to warn of all latent defects. To satisfy this duty, C&SOE contracted with Union Boiler to render the premises safe and to eliminate the hazard that the opening to the smokestack presented. C&SOE warned Union Boiler of the inherent dangers of its task. Appellant has not shown any actual or active participation or control by C&SOE over the job operation of rendering the premises safe. Absent such a showing, C&SOE is not liable to the employees of the independent contractor Union Boiler. Such a showing was appellant's burden at the summary judgment stage of this case. See *Brockmeyer, supra; Mitseff, supra.*

We overrule the assignment of error.

Having overruled the assignment of error, we affirm the judgment of the Court of Common Pleas of Coshocton County.

*Judgment affirmed.*

PUTMAN, P.J., and WISE, J., concur.