On September 22, 1998, this Court issued an opinion affirming the Jefferson County Court of Common Pleas' decision to deny Petitioner's Motion for Postconviction Relief. Petitioner subsequently filed a motion for reconsideration of this decision to which Respondent replied several months later. For the following reasons, we deny Petitioner's motion.
For the sake of clarity, we must recite some of the pertinent facts. In October of 1986, Petitioner-Appellant, Michael Sims, dove through Mrs. Judith Price's picture window, abducted her, drove her in a stolen automobile to a structure in downtown Steubenville where he held her captive for several hours while he repeatedly raped her. She escaped the next day.
Appellant was indicted on eleven separate counts: one count of kidnapping in violation of Ohio Revised Code § 2905.01; one count of aggravated burglary, a violation of R.C. § 2911.11; eight (8) counts of rape, in violation of R.C. § 2907.02 and one count of auto theft, a violation of R.C. 2913.02. Each count contained a specification that Appellant had a firearm on or about his person.
Appellant pleaded guilty at trial to one count of kidnapping, one count of aggravated burglary, one count of rape and one count of auto theft. Appellant also pleaded guilty to each of the accompanying firearms specifications, for a total of four. The other seven rape counts and firearm specifications were dismissed.
Appellant was represented by counsel at all times. While Appellant originally failed to provide a transcript or any other record of the February 11, 1987 sentencing hearing., Appellant has since filed a motion to supplement with this transcript. The four page plea agreement has been a matter of record before us.
Appellant never appealed his conviction or sentencing.
Instead, long after his appeal time ran, he filed with the trial court a Motion to Correct and Modify Sentence asking that the trial court judge reduce the number of firearm specifications in his plea agreement, thus reducing Appellant's mandatory sentence under this specification from twelve years to three. A hearing was held on the matter September 14, 1987. Again, this Court was not properly provided with a transcript or other record of this hearing. On August 17, 1988, the court overruled the motion.
Eight years later, Appellant filed a Petition for Post-Conviction Relief and Request for an Evidentiary Hearing which was denied by the lower court without hearing. We affirmed this decision.
We herein grant Appellant's Motion to Supplement the Record to include the transcript of the February, 1987 sentencing as a part of the appellate record. It is clear that he, through counsel, took steps to include this in the record on postconviction relief appeal and that it was not so included by reason of mistake or accident in processing this appeal.
That said, the inclusion of this record in no way aids Appellant or changes the decision of this Court. In fact, it strengthens the original opinion. Appellant is still belatedly attempting to procure in a request for postconviction relief the appellate review he never sought after his conviction. As direct appeal was Appellant's only recourse, his postconviction arguments must fail.
The transcript of sentencing reveals that, in thirty-four pages of discourse, Appellant's plea and sentence was explained to him in painful detail. It also reveals exactly what his written plea agreement has already shown this Court — he was sentenced to four three-year mandatory sentences on firearm specifications. The judge explained this sentence and both the prosecutor and Appellant's own lawyer acquiesced in this sentence. Not once, but several times in the thirty-four page document, Appellant states that he understands the agreement and sentence. Not once does Appellant ask what his sentence would be if he refused the plea agreement and was later convicted on all counts. All of this can be found from the record, both as it appeared originally before us and certainly as supplemented by the transcript of sentencing.
Appellant is correct that, in order to overcome the bar ofres judicata in a postconviction petition for relief, he must raise a constitutional claim which is not found within the record itself. State v. Cole (1982), 2 Ohio St.3d 112. Thus, Appellant claims ineffective assistance of counsel. Knowing that ineffective assistance is barred by res judicata because it should have and could have been raised on direct appeal, Appellant attaches to his motion a self-serving affidavit, the contents of which state that, off the record, his attorney talked him into taking the plea agreement and that if he had known that under the agreement he would serve "more minimum time" than if he was convicted on all charges he would never have so pled. Appellant believes that this fulfills his requirement to overcome res judicata. He is incorrect in this belief.
First, Appellant's assertion that he would spend more time in jail after the plea than after a full conviction is mere speculation. As he himself recognizes, he is basing this assumption on the "minimum time" he would or could have been sentenced to serve. Sentencing within the minimum — maximum range is within the discretion of the trial court and based on the nature of Appellant's crimes it is presumptuous to think that he would serve only the minimum time.
More importantly, Appellant's affidavit does not raise
evidence outside of the record of a constitutional violation. The affidavit merely restates what is apparent from the transcript and the plea agreement itself — Appellant was sentenced to serve time for four firearm specifications and his lawyer (and the prosecutor and judge) obviously agreed with this sentence. If, and it is a big "if", there was ineffective assistance of counsel at this sentencing and in the drafting of the plea agreement, the evidence is squarely within the record of the trial court proceedings. Appellant's affidavit is not only self-serving and speculative, it is cumulative as well. Inasmuch as it raises absolutely no new evidence outside of the record, Appellant's sole relief from this asserted error was to be found by means of direct appeal. Appellant did not appeal.
As stated in State v. Combs (1994), 100 Ohio App.3d 90, 97
and 98:
 "Evidence outside the record by itself, however, will not guarantee a right to an evidentiary hearing. To overcome the res judicata bar, the evidence must show that the petitioner could not have appealed the constitutional claim based on the information in the original trial record. Cole,
syllabus. One example of evidence outside the record that would show that the claim could not have been brought on direct appeal is evidence that alleges that, after conviction, petitioner discovered facts to indicate that the prosecutor improperly withheld favorable evidence to the accused. Perry, 10 Ohio St.2d at 179, 39 O.O.2d at 191-192, 226 N.E.2d at 107-108, citing McMullen v. Maxwell (1965), 3 Ohio St.2d 160, 32 O.O.2d 150, 209 N.E.2d 449, with approval. By contrast, when a petition alleges that a defendant was convicted on illegally seized evidence, but does not allege facts to show that the issue could not have been brought on direct appeal, the court may deny a hearing. Perry, 10 Ohio St.2d at 182, 39 O.O.2d at 193, 226 N.E.2d at 109."
Appellant's affidavit merely emphasizes that the claims he now raises were properly a matter for appeal.
Even if we could assume that Appellant received ineffective assistance of counsel at trial and thus missed his time limit within which to file, his current counsel filed the Motion to Correct and Modify Sentence some six months after sentencing. New counsel could have filed a motion for delayed appeal under Appellate Rule 5, but did not. The motion to correct was overruled and again, no appeal was taken. Thus, Appellant once again forfeited appellate review.
For all of the foregoing, Appellant's Motion to Supplement the Record with the transcript of sentencing is sustained. Appellant's motion to reconsider our previous decision in this matter is denied.
 -------------------------- CHERYL L. WAITE
 -------------------------- GENE DONOFRIO
 -------------------------- JOSEPH J. VUKOVICH, JUDGES.