OPINION
Defendant-appellant, Chee W. Yuen, appeals the judgment of the Franklin County Court of Common Pleas whereby the trial court denied appellant's petition for post-conviction relief without a hearing.
The Franklin County Court of Common Pleas, Juvenile Division, surrendered jurisdiction over appellant in the murder of Jack Kounlavong. Thus, appellant was bound over to the General Division of the Franklin County Court of Common Pleas to be tried as an adult. Thereafter, appellant was charged with aggravated murder with a death penalty specification, aggravated burglary, aggravated robbery, and four counts of kidnapping. Each charge contained firearm specifications.
However, pursuant to a plea bargain, appellant entered guilty pleas to murder as a lesser included offense of aggravated murder, one count of kidnapping, and one count of aggravated robbery, each with a firearm specification. Under the agreement, the prison sentences on each count would run concurrently. On September 24, 1993, the trial court entered its judgment, sentencing appellant to a minimum of fifteen years to life imprisonment. Appellant did not file a direct appeal on his conviction. Rather, appellant filed a petition for post-conviction relief on August 8, 1996. In his petition, appellant requested that the trial court vacate his conviction. As noted above, the trial court dismissed the petition without a hearing.
Appellant appeals, assigning one assignment of error as follows:
 THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO, ERRED AND/OR ABUSED ITS DISCRETION IN DENYING DEFENDANT-APPELLANT AN EVIDENTIARY HEARING ON HIS PETITION TO VACATE JUDGMENT AND CONVICTION PURSUANT TO § 2953.21 OF THE OHIO REVISED CODE.
Appellant seeks post-conviction relief on the basis that he was denied effective assistance of counsel and that he did not knowingly, voluntarily and intelligently enter a guilty plea. One of the reasons the trial court denied appellant's petition was on the basis that it was untimely filed. In so ruling, the trial court relied on Crim.R. 49(C), which provides:
 * * * All papers required to be served upon a party shall be filed simultaneously with or immediately after service. Papers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed. The proof of service shall state the date and the manner of service and shall be signed and filed in the manner provided in Civil Rule 5(D).
However, we conclude that the trial court erred in relying on Crim.R. 49(C) to find that appellant's petition for post-conviction relief was untimely filed. In so concluding, we acknowledge that a post-conviction proceeding is civil in nature and is governed generally by the Rules of Civil Procedure. Statev. Gipson (Sept. 26, 1997), Hamilton App. No. C-960867, unreported; see, also, State v. Nichols (1984), 11 Ohio St.3d 40,41-42. However, a post-conviction proceeding is a statutory creation controlled by the statute's procedural requirements when those requirements conflict with the civil rules. Gipson.
Civ.R. 3(A) indicates that a civil action is not considered filed until adequate service of process is made upon the opposing parties. This rule is in conflict with R.C.2953.21(B), which provides:
 The clerk of the court in which the petition is filed shall docket the petition and bring it promptly to the attention of the court. The petitioner need not serve a copy of the petition on the prosecuting attorney. The clerk of the court in which the petition is filed shall forward a copy of the petition to the prosecuting attorney of that county.
Thus, we look to the statute's procedural requirements in R.C. 2953.21 to determine when a petition for post-conviction relief is considered adequately filed. In so determining, we conclude that, under R.C. 2953.21(B), a petition for post-conviction relief is considered filed on the date it is filed with the clerk of courts. Furthermore, we conclude that a petition for post-conviction relief is timely filed if such filing occurs within the time constraints stated in R.C. 2953.21.
R.C. 2953.21(A)(2) now generally requires that a petition for post-conviction relief be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment." If no appeal is taken, the "petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." Id.
This time limit was imposed by S.B. No. 4, which became effective September 21, 1995. State v. Bates (Jan. 21, 1999), Cuyahoga App. No. 75093, unreported. However, Section 3 of S.B. No. 4 contains a savings provision that states, in Bates:
 A person who seeks post conviction relief * * * with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, * * * or within one year from the effective date of this act, whichever is later.
In this case, appellant's sentence was imposed prior to the effective date of S.B. No. 4. Thus, appellant's motion for post-conviction relief comes within the savings provision. Appellant filed his motion on August 8, 1996, which is within one year from the effective date of S.B. No. 4. Accordingly, because appellant filed his petition for post-conviction relief within the time limits prescribed in the savings provision, the petition is considered timely filed. As such, the trial court erred in concluding that the petition was untimely filed. However, the trial court proceeded to address appellant's petition on its merits and decided to deny the petition for post-conviction relief without a hearing.
In his petition for post-conviction relief, appellant claims that he did not knowingly, intelligently or voluntarily enter a guilty plea. Appellant asserts that he did not fully understand the nature of his plea because of the fact that, when he entered the plea, he was a fifteen-year-old Chinese National who could not speak, read or write English. According to appellant, the record, which includes his petition and affidavit, establishes that he is entitled to an evidentiary hearing on his claim that he did not voluntarily, intelligently and knowingly enter into a guilty plea. We disagree.
First, we acknowledge that the doctrine of res judicata
bars appellant from pursuing this claim regarding his guilty plea. Under the doctrine of res judicata, a final judgment of conviction generally bars a convicted defendant from pursuing post-conviction relief that attacks a conviction in cases where any defense or claimed lack of due process was raised or could have been raised at trial or on direct appeal. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
An exception to the doctrine of res judicata is when a petitioner presents competent, relevant and material evidence outside of the record that was not in existence and not available to the petitioner in time to support a direct appeal. State v.Cole (1982), 2 Ohio St.3d 112, 114. In Perry, the Ohio Supreme Court indicated that such a claim not barred by res judicata is exemplified in McMullen v. Maxwell, Warden (1965), 3 Ohio St.2d 160.Perry, at 179. In Perry, the court noted that the prisoner in McMullen had no means of asserting a constitutional claim attacking his conviction until his discovery of the factual basis for asserting the claim. Id. This discovery did not appear in time to support a direct appeal. Id. Thus, according to the Supreme Court in Perry, the constitutional claim asserted by the prisoner in McMullen could not have been raised at trial or on direct appeal. Id. As such, the court in Perry recognized that the claim was not barred by res judicata and could be attacked through a petition for post-conviction relief. Id.
In this case, appellant's claim regarding his guilty plea is based on the fact that he was a fifteen-year-old Chinese National with little education and an inability to speak or write English. This claim is not based on any facts that could not have been asserted on direct appeal. As such, the claim is barred byres judicata. Notwithstanding our conclusion on the res judicata
issue, Appellant's petition for post-conviction relief attacking his guilty plea fails on the merits and does not warrant a hearing.
According to R.C. 2953.21(E), the trial court need not hold a hearing on a petition for post-conviction relief where the petition, files and records of the case show that the petitioner is not entitled to relief. A petition for post-conviction relief is subject to dismissal without a hearing when the record indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was invalid and involuntary. State v. Kapper (1983), 5 Ohio St.3d 36,38.
Broad assertions do not warrant a hearing for post-conviction petitions. See State v. Jackson (1980), 64 Ohio St.2d 107,111. The court is to determine whether there is substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records when deciding whether to grant a hearing for post-conviction relief. Jackson, at 110. Thus, the absence of evidentiary documents containing sufficient operative facts governs the outcome of the case. Kapper, at 39.
In this case, appellant's claims surrounding his plea are based on broad assertions without sufficient evidentiary documentation showing grounds for relief. For example, appellant has failed to submit evidentiary documents containing sufficient operative facts to demonstrate that he did not understand the written plea agreement or that he was coerced into entering into the plea agreement. Nor did he submit sufficient evidence to show that the court-provided translator failed to adequately assist him in understanding the plea agreement and plea proceedings.
Indeed, the record shows that appellant signed a form, with the aid of a translator, indicating that appellant was informed of the consequences of his entering a guilty plea. For example, the written plea indicates that appellant was informed that he could be sentenced to a minimum of fifteen years to life imprisonment. Accordingly, we conclude that the trial court did not err in denying appellant's petition for post-conviction relief without a hearing as to his claims that he did not knowingly, voluntarily, or intelligently enter into a guilty plea.
Second, appellant's petition for post-conviction relief is based on a claim of ineffective assistance of counsel. Appellant asserts that his petition sets forth operative facts which, when taken into consideration with the files and records, entitles him to an evidentiary hearing on his claims that he was denied effective assistance of counsel. We disagree.
Although we concluded that appellant's claims surrounding his guilty plea are barred by res judicata, we acknowledge that the Ohio Supreme Court has recognized exceptions to the application of res judicata in proceedings for post-conviction relief based on claims of ineffective assistance of counsel. Cole, at 114. As such, we will consider the claim surrounding ineffective assistance of counsel on the merits.
The United States Supreme Court set forth the test for determining ineffective assistance of counsel in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 2064. First, the defendant must show that counsel's performance was deficient. Id.
Second, defendant must show that the deficient performance prejudiced him or her. Id.
In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. Jackson, at syllabus; State v. Pankey (1981),68 Ohio St.2d 58, 59.
As noted above, the court is to determine whether there is substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records when deciding whether to grant a hearing for post-conviction relief. Jackson, at 110. As to petitions for post-conviction relief based on claims of ineffective assistance of counsel, it is not unreasonable to require the defendant to show prejudicial factors in the petition before a hearing is scheduled. Jackson, at 112.
In this case, appellant states various allegations concerning his trial counsel's ineffectiveness. Appellant claims that his trial counsel failed to interview witnesses and investigate the case or possible defenses. However, appellant has not submitted evidentiary documents to support such allegations. Rather, appellant makes broad assertions to base his claims.
Furthermore, appellant does not submit sufficient documentation to show that he was prejudiced by his trial counsel's performance. Indeed, we acknowledge that, through the assistance of appellant's two trial attorneys, appellant, who was facing the death penalty, entered into a plea agreement where he was sentenced to a minimum of fifteen years to life imprisonment.
Therefore, we conclude that appellant failed to meet the burden of proof established in Jackson to warrant a hearing for post-conviction relief on his claim of ineffective assistance of counsel. As such, we conclude that the trial court did not err in denying appellant's petition for post-conviction relief without a hearing as to his claims of ineffective assistance of counsel.
Finally, appellant's petition for post-conviction relief raises allegations concerning events arising before he entered into the guilty plea. For example, appellant alleges that police investigators interrogated him without the benefit of counsel even though appellant did not voluntarily waive his rights to counsel during the interrogation. However, by entering a guilty plea, a defendant generally waives all alleged error arising before the plea. Tollett v. Henderson (1973), 411 U.S. 258, 267,93 S.Ct. 1602, 1608.
Accordingly, we conclude that the trial court did not err in denying appellant's petition for post-conviction relief without an evidentiary hearing. As such, we overrule appellant's assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.