[Cite as *Morgan v. Beigel*, 2011-Ohio-406.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

JIMMY L. MORGAN,

    PLAINTIFF-APPELLANT,

  v.

JEFFREY J. BEIGEL,
ASSISTANT SHELBY COUNTY
PROSECUTOR,

    DEFENDANT-APPELLEE.

CASE NO. 17-10-20

**O P I N I O N**

**Appeal from Shelby County Common Pleas Court
Civil Division
Trial Court No. 10CV000122**

**Judgment Affirmed**

**Date of Decision: January 31, 2011**

**APPEARANCES:**

    *Jimmy L. Morgan,* **Appellant**

    *Jeffrey J. Beigel,* **Appellee**

**WILLAMOWSKI, J**.

{¶1} Plaintiff-Appellant, Jimmy L. Morgan ("Morgan"), pro se, appeals the judgment of the Shelby County Court of Common Pleas granting summary judgment in favor of Defendant-Appellee, Jeffrey J. Beigel ("Beigel"). On appeal, Morgan, contends that there were genuine issues of material fact precluding a finding of summary judgment on Morgan's claims that Beigel should be designated a vexatious litigator. For the reasons set forth below, the judgment is affirmed.

{¶2} On March 8, 2010, Morgan, who has been incarcerated since 1997, filed a Complaint for Adjudication as Vexatious Litigator and for Injunctive Relief ("Complaint") against Beigel, who is an Assistant Prosecuting Attorney in the Shelby County Prosecutor's Office. Morgan based his Complaint in *this* case before us now, No. 10-CV-122, on claims that Beigel's conduct in a *previous* case, No. 10-CV-50,[1] was improper, frivolous and harassing. In this Complaint, Morgan again tried to have Beigel declared a vexatious litigator because he contends that Beigel was representing himself, pro se, in Case No. 10-CV-50, and

---

[1] Morgan had filed this previous case against Beigel in early February 2010, also contending that Beigel should be designated a vexatious litigator "due to repeated instances of frivolous conduct within [Morgan's] criminal case" in numerous post-conviction matters involving Morgan that have occurred subsequent to his conviction for murder in 1997. See *State v. Morgan,* 3d Dist. No. 17-97-22, 1998 WL 323480. Beigel filed a motion to dismiss Case No. 10-CV-50, arguing that R.C. 2323.52 was inapplicable because all of his actions were in his capacity as an assistant prosecutor representing the State of Ohio. Morgan subsequently dismissed this case, acknowledging in his Complaint in this case that "when plaintiff filed the last complaint to have the defendant declared a Vexatious Litigator, plaintiff was unaware that the statute did not apply to persons who are licensed to practice law unless the person proceeded pro-se." (Mar. 8, 2010 Complaint, ¶11.)

that he "lied to and manipulated the court" and made improper filings. The Complaint contains numerous examples of what Morgan contends was vexatious conduct in the previous case. Morgan argued that Beigel "must be stopped" and that he should be declared a vexatious litigator "as described in Ohio Revised Code R.C. 2323.51 and 2323.52" and enjoined from further court filings without leave of court.

{¶3} Beigel filed a motion to dismiss, stating that Morgan's Complaint failed to state a claim upon which relief could be granted and was otherwise without merit. In support, Beigel pointed out that the statute pertaining to vexatious litigators, R.C. 2323.52, was inapplicable because all of Beigel's actions were in his capacity as an assistant prosecutor acting on behalf of the State of Ohio, and that he had no authority to act in these matters in a "pro se" capacity. Furthermore, with respect to the assertions of frivolous conduct pursuant to R.C. 2323.51(B), Morgan failed to file the motions and follow the procedures necessary to pursue relief under that statute.

{¶4} Morgan filed a motion and memorandum contra to Beigel's motion to dismiss. On April 30, 2010, the trial court issued an order converting the motion to dismiss into a motion for summary judgment based upon the fact that the motion to dismiss relied upon factual matters outside the pleadings. The parties were granted additional time to provide evidentiary materials in accordance with

Civ.R. 56 and to respond. Beigel subsequently filed an Answer to the Complaint and also filed a Supplement to Motion for Summary Judgment to Provide Evidentiary Materials, including Beigel's affidavit stating that at all relevant times he was a licensed attorney acting on behalf of the State as Assistant Shelby County Prosecutor, along with several certified court filings and docket sheets relevant to the cases involved. Morgan filed a motion contra the motion for summary judgment and memorandum in support, although he did not provide any additional evidentiary materials.

{¶5} On August 20, 2010, the trial court issued an order and judgment entry granting summary judgment in favor of Beigel. Morgan timely appeals this decision, raising the following assignment of error for our review.

> **The trial court committed reversible error in granting [Beigel] summary judgment when there are genuine issues of material facts and the moving party was not entitled to summary judgment as a matter of Ohio law.**

{¶6} Appellate courts review decisions on summary judgment de novo, viewing the facts in favor of the non-moving party. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N .E.2d 241. Summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.

Civ.R. 56(C); *Horton v. Harwick Chemical Corp.*, 73 Ohio St.3d 679, 686-687, 1995-Ohio-286, 653 N.E.2d 1196.

{¶7} In this appeal, Morgan argues that summary judgment was improper because he believes that there were genuine issues of material fact that needed to be litigated. Morgan sets forth numerous examples of alleged frivolous, harassing, improper and "unprocedural" actions by Beigel that Morgan contends raise genuine issues of material fact which would preclude summary judgment.

{¶8} A material fact is an essential element of the claim or defense, as defined by the substantive law. *Mount v. Columbus & Southern Ohio Elec. Co.* (1987), 39 Ohio App.3d 1, 2, 528 N.E.2d 1262. A dispute of fact is "material" if it affects the outcome of the litigation. Id.

{¶9} After a thorough review of the record, we agree with the trial court's determination that Beigel was entitled to summary judgment as a matter of law. Even construing the "facts"[2] in a light most favorable to Morgan, his claims do not constitute a cause of action under the vexatious litigator statute. Although Morgan may believe that some of Beigel's actions were improper, those allegations do not constitute material facts because they do not pertain to the essential elements required to declare someone to be a vexatious litigator pursuant to R.C. 2323.52.

---

[2] Although it is not this Court's function to evaluate and weigh the "facts" when reviewing a motion for summary judgment, it would appear that Morgan's perception of Beigel's actions as being improper stems primarily from Morgan's lack of understanding concerning legal procedures.

{¶10} The Ohio Supreme Court has discussed the purpose of the vexatious litigator statute:

> **The purpose of the vexatious litigator statute is clear. It seeks to prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state. Such conduct clogs the court dockets, results in increased costs, and oftentimes is a waste of judicial resources-resources that are supported by the taxpayers of this state. The unreasonable burden placed upon courts by such baseless litigation prevents the speedy consideration of proper litigation.**

*Mayer v. Bristow,* 91 Ohio St.3d 3, 13, 2000-Ohio-109, 740 N.E.2d 656, quoting *Cent. Ohio Transit Auth. v. Timson* (1998), 132 Ohio App.3d 41, 50, 724 N.E.2d 458. The statute "establishes a screening mechanism that serves to protect the courts and other would-be victims against frivolous and ill-conceived lawsuits *filed by those who have historically engaged in prolific and vexatious conduct in civil proceedings.*" (Emphasis added.) *Mayer* at 13.

{¶11} Clearly, Beigel's actions in the one case alleged as the basis for Morgan's complaint do not fall within the description of the statute's purpose as stated above. Specifically, Morgan's allegations involve a single case – that does not establish a history of engaging in prolific and vexatious conduct. Furthermore, Beigel did not file the case. The case was filed by Morgan and Beigel was merely defending against Morgan's lawsuit. Beigel was not the party that brought the original lawsuit that Morgan acknowledges had no basis in the law.

{¶12} The vexatious litigator statute states, in pertinent part, that a "vexatious litigator" means "any person who has *habitually, persistently, and without reasonable grounds* engaged in vexatious conduct in a civil action or actions \*\*\*." R.C. 2323.52(A)(3). The statute further qualifies the definition stating that:

> **"Vexatious litigator" does not include a person who is authorized to practice law in the courts of this state \*\*\* unless that person is representing or has represented self pro se in the civil action or actions.**

Id. As stated above, Beigel's actions in the *one* case that was the subject of Morgan's Complaint does not qualify as *habitual and persistent* litigation. Furthermore, Morgan did not offer any evidence that would refute Beigel's affidavit stating that "at all times referenced in the aforementioned matters and the instant action that he has acted on behalf of the State as Assistant Shelby C ounty Prosecutor."

{¶13} The statute goes on to specify who is entitled to bring an action to have someone declared a vexatious litigator:

> **(B) A person \*\*\* *who has defended against habitual and persistent vexatious conduct* in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator. \*\*\***

(Emphasis added.) Id. Again, as noted above, Morgan was not *defending* against Beigel in the relevant case; he was the person who filed the case and it was Beigel who was obligated to defend in response. There was no authority for Morgan to bring this litigation under this section of the statute.

{¶14} Morgan has not provided any factual basis or legal argument to support a finding that Beigel is a vexatious litigator under the material elements required by R.C. 2323.52. That statute is inapplicable to the situation in this case and Morgan's Complaint has no basis in the law. Therefore, Beigel is entitled to summary judgment as a matter of law as to Morgan's claims under R.C. 2323.52.

{¶15} In his Complaint, Morgan also alleged that Beigel was a "vexatious litigator as described in Ohio Revised Code 2323.51." R.C. 2323.51, however, addresses "frivolous conduct in civil actions," and is separate from the vexatious litigator statute. R.C. 2323.51 grants a trial court the authority to award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with a civil action or appeal to any party to the civil action or appeal, who was adversely affected by "frivolous conduct," as defined in R.C. 2323.51(A)(2).

{¶16} Again, even construing the "facts" alleged in favor of Morgan, he would have no cause of action under R.C. 2323.51 because he did not follow any

of the procedures set forth in the statute that would entitle him to obtain relief. The statute requires that,

> **\*\*\* at any time *not more than thirty days after the entry of final judgment* in a civil action or appeal, *any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal.* The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct, as provided in division (B)(4) of this section.**

(Emphasis added.) R.C. 2323.51(B)(1).

{¶17} If Morgan believed he was entitled to the relief set forth in the statute, he could have followed the procedures set forth therein. He did not do so. R.C. 2323.51 makes no provision for the filing of a separate complaint nor does it pertain to the vexatious litigator statute. Therefore, Beigel was also entitled to summary judgment on Morgan's claims pursuant to R.C. 2323.51.

{¶18} Based on the above, Beigel was entitled to summary judgment as a matter of law on all of the issues raised. Morgan's assignment of error is overruled.

{¶19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/jnc**